575 P.2d 16 (1977)
Donald L. ANDERSON, Plaintiff-Appellant,
v.
HERON ENGINEERING COMPANY, INC., Defendant-Appellee.
No. 76-770.
Colorado Court of Appeals, Division II.
November 3, 1977.
Rehearing Denied December 1, 1977.
Certiorari Granted February 21, 1978.
*17 Lowell M. Fortune, P. C., Lowell M. Fortune, Denver, for plaintiff-appellant.
Wood, Ris & Hames, P. C., William K. Ris, Charles E. Weaver, Denver, for defendant-appellee.
STERNBERG, Judge.
After being injured in a ski lift accident, Donald Anderson sued the manufacturer of the lift, Heron Engineering Company, Inc. Anderson appeals the judgment entered on a jury verdict in favor of Heron. We affirm.
Anderson, an instructor at the Keystone ski area, was riding in a chairlift the day after it had been serviced. The chair immediately in front of him became loose, slid down the cable into his chair, and knocked him to the ground some 30 feet below. Evidence indicated that the cable clamp unit on the chair in front of Anderson had been improperly affixed to the cable by Keystone's maintenance personnel. The unit has two jaws which clamp around the cable, the inner one of which moves inside a sleeve and is forced against the cable by tightening a nut.
Heron had both sold the chairlift to Keystone and installed it. Heron provided Keystone with an operations and maintenance manual. The manual specified that when reattaching the unit to the cable, a torque of 80 foot pounds should be applied to the screw which tightens the threaded nut of the inner jaw. The evidence revealed that, although Keystone had followed the recommended maintenance procedures, because the threads into which the screw was inserted were either defective or dirty, the recommended 80 foot pounds of torque was applied against the threading but was not transmitted to the cable.
The case was submitted to the jury on claims of breach of warranty and strict liability under Restatement (Second) of Torts § 402A. The jury was properly instructed on both theories of liability. Anderson contends, however, that the jury should have been given a specific additional instruction encompassing his theory of the case that liability under 402A could be predicated on Heron's failure to give Keystone more detailed directions on how to perform maintenance. The thrust of this argument is that Heron should have warned Keystone that the required torque of 80 foot pounds might not be transmitted to the cable if the threads were defective, dirty, or improperly inserted. However, the jury found that the unit was not defective, and we do not deem it reasonable to place on a manufacturer the burden of warning one maintaining a clamp as to the effect dirt in the threads or improper insertion of the screw would have on the performance of the clamp.
A manufacturer may be liable for injuries because of a failure to give adequate warning or directions. Hiigel v. General Motors Corp., Colo., 544 P.2d 983 (1975). In that case, the court was dealing with the contents of a manual intended for use by the owner, a member of the general public. Here, on the other hand, the manual was to be used by a more specialized group. It should have been apparent to Keystone's maintenance personnel, or to anyone else doing the maintenance work, that the clamp would slip if it were not securely *18 fastened to the cable. Under this circumstance it would be unreasonable to require the manufacturer to warn of a matter which should have been appreciated and anticipated by maintenance personnel. To hold as Anderson urges would place the unrealistic requirement on manufacturers of all products which contain screws to warn or instruct as to the way in which the screws should be placed into a threaded sleeve or fastened to a nut, even where the work is to be performed by maintenance personnel who should possess a modicum of mechanical skill.
On rehearing, Anderson argues that Heron's manual should have prescribed a test to be performed to determine if the clamp was properly secured to the table. We disagree. Manufacturers are not required to prescribe tests to ascertain if maintenance personnel have committed errors which are not reasonably foreseeable to the manufacturer. The liability of a manufacturer should not be predicated on abnormal circumstances such as these.
In view of our resolution of the warning issue, we also reject Anderson's contention that the trial court erred in refusing to permit expert testimony as to what instructions Heron should have provided Keystone. Likewise, there is no merit to Anderson's assertions that the trial court erred in refusing to instruct the jury on the warranty claim by making reference to the word "safe" that was used by Heron in referring to the chairlift in its promotional brochures. Inherent in the jury's verdict is their determination that the clamp was neither defective nor unsafe. The wording of the instruction given by the court is not sufficiently different from that tendered by Anderson so as to prejudice him in any way.
Anderson's final contention is that the court erred in giving an instruction that required him to prove the defect occurred while the product was in Heron's control. We do not interpret the instruction as creating such a requirement. The instruction, which is based on Colo.J.I. 14:20, reads as follows:
"A product is defective when it is not reasonably fit for the ordinary purposes for which such products are intended or may reasonably be expected to be used. A defect may arise out of the design or manufacture occurring while the product was in the control of the defendant. To be unreasonably dangerous, the product, because of the defect, must have created risk of harm to persons or property which an ordinary user would not reasonably expect or to have created a greater risk of harm than an ordinary user would reasonably expect." (emphasis supplied)
Because the emphasized sentence uses the word "may," it merely gives an example of a finding upon which liability can be predicated rather than setting forth a requirement which a plaintiff must prove if he is to succeed. Reading the instruction as a whole we conclude that the jury could not have been misled into believing that, before it could find for Anderson, it had to find that the defect occurred while the product was in Heron's control, because the claim here was that Heron's failures had occurred after the chairlift had left Heron's control.
Judgment affirmed.
ENOCH and SMITH, JJ., concur.